
FILED
2008 Sep-29  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHARON GARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   Civil Action No. CV-07-S-1888-S |
| | ) |
| **MICHAEL  J.  ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Sharon Garrett commenced this action on October 16, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief.  Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Claimant alleged that she became disabled on January 1, 2003, due to a crooked spine, flat feet, and high blood pressure.  She last met the insured status requirements of the Social Security Act on December 31, 2005.[2]  Claimant therefore bore the burden of proving disability on or prior to December 31, 2005.  *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July 1981).[3]

The ALJ found that, on the date her insured status expired, claimant had the "severe" impairments of obesity and lumbar degenerative disc disease with residual back pain.[4]  He concluded that the medical evidence did not support a finding that claimant's foot pain and hypertension should be considered "severe" impairments.[5] Despite claimant's severe impairments, however, the ALJ concluded that claimant

---

[1]*See* doc. no. 7 (briefing letter).

[2]*See* Tr. at 13.

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4]Tr. at 16.

[5]Tr. at 17.

retained the residual functional capacity to perform sedentary work that would allow for a sit-stand option; occasional bending, stooping, squatting and climbing; no push/pull movements with the upper extremities; no driving; and no work around unprotected heights. The ALJ also found that the credible evidence established that claimant experienced no greater than moderate functional limitations as a result of her pain.[6] In so finding, he discredited claimant's subjective complaints of pain and rejected the opinion of Dr. Wilcox, claimant's primary treating physician, that she suffered from disabling limitations. This court concludes that the ALJ's findings were supported by substantial evidence and in accordance with governing law.

First, the record supports the ALJ's determination that claimant's foot pain and hypertension were not severe impairments. Although claimant has occasionally complained of foot pain to her treating physicians, clinical examinations have revealed normal gait and only slight tenderness in her heel, and all x-rays of her feet have been normal.[7] Additionally, claimant's hypertension has responded well to conservative prescribed treatment, and she has suffered no complications from the condition.[8]

Further, the ALJ properly considered claimant's subjective complaints of pain.

---

[6]Tr. at 18.

[7]*See* Tr. at 131-32, 148.

[8]*See* Tr. at 134, 156.

To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

> The ALJ properly applied the Eleventh Circuit pain standard.  He found that,
>
> [w]hile the claimant experiences underlying impairments capable of producing some pain and limitations, the documentary record does not confirm the degree of disabling symptoms asserted, and the claimant's alleged inability to perform all substantial gainful activities is simply not corroborated by substantial evidence on the record considered as a whole.[9]

The ALJ adequately articulated reasons for not crediting claimant's testimony on pain.[10]  He noted that claimant had a normal gait,[11] required no assistive device for

---

[9]Tr. at 17.

[10]*See* Tr. at 17-18.

[11]*See* Tr. at 156.

walking, remained neurologically intact,[12] and had only slightly decreased range of

motion in her spine.[13]   Further, claimant experienced only minimal tenderness on

examination of the thoracic and lumber spine.[14] and x-rays showed only mild changes

of the thoracic and lumber spine.[15]  The ALJ acknowledged that claimant's obesity

might be expected to contribute to her pain and to impose some limitations on

postural movements, but he found no evidence that the obesity resulted in any

disabling limitations.  Finally, the ALJ noted that claimant had received only sporadic

and conservative treatment,[16] and that claimant never complained of any adverse

medication side effects until *after* expiration of her insured status.[17]

Finally, the ALJ did not err in rejecting the opinion of Dr. W.E. Wilcox,

claimant's treating physician.  The opinion of a treating physician "must be given

substantial or considerable weight unless 'good cause' is shown to the contrary."

*Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations

omitted).  Good cause exists when "(1) [the] treating physician's opinion was not

---

[12]*See* Tr. at 145 ("Neurologically, she is completely intact.").

[13]*See* Tr. at 145 (noting "[s]light decreased range of motion secondary to pain").

[14]*See* Tr. at 148 (noting "[n]o point tenderness" of the back), 145 (noting "tenderness in her thoracic and lumbar spine areas")

[15]*See* Tr. at 145 (noting "minimal spondylitic changes" of the thoracic spine and "mild spondylitic changes" of the lumbar spine).

[16]*See* Tr. at 145 (recommending treatment with Ibuprofen, physical therapy, and exercise), 148 ("We discussed conservative treatment.").

[17]*See* Tr. at 156 (treatment notes dated September 1, 2006, noting problems with nausea after taking Lortab).

bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.  Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Dr. Wilcox completed a Physical Capacities Evaluation form on December 3, 2005.  He indicated that claimant could lift ten pounds occasionally or less frequently, sit for a total of two hours in an eight-hour work day, and stand and walk (combined) for a total of one hour in an eight-hour work day.  Claimant was limited by her back pain in her ability to push, pull, climb, balance, and reach, but the extent of her limitation was not noted on the form.  Dr. Wilcox also completed a Clinical Assessment of Pain form on the same date.  He indicated that pain was present to such an extent as to be distracting to the adequate performance of claimant's daily work activities, that physical activity would greatly increase claimant's pain to such a degree as to cause distraction from or total abandonment of tasks, and that the side effects of claimant's medications could be expected to be severe and to limit her effectiveness due to distraction, inattention, or drowsiness.  He also indicated that treatment had had little effect on claimant's condition, or had only briefly altered the

level of pain she experienced.[18]  Dr. Wilcox completed a second Physical Capacities Evaluation form and a second Clinical Assessment of Pain form on September 1, 2006.  The notations on these forms were identical to those on the forms completed on December 3, 2005, except that Dr. Wilcox indicated that claimant's prescribed medications would cause only *some* limitations that would not create serious problems.[19]

The ALJ rejected Dr. Wilcox's assessments that claimant could not perform any sedentary work activity, and that claimant suffered from moderately severe pain and severe drug side effects.[20]  The ALJ found that these assessments were not supported by Dr. Wilcox's own treatments or the other medical evidence of record. Specifically, the ALJ noted that plaintiff had only received "intermittent and conservative treatment," and that clamant did not complaint to Dr. Wilcox of any adverse medication side effects until *after* expiration of her insured status.  The ALJ's conclusions were supported by substantial evidence, as discussed more fully above.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.

---

[18]Tr. at 149-51.

[19]Tr. at 152-55.

[20]Tr. at 18.

7

The Clerk is directed to close this file.

DONE this 29th day of September, 2008.

United States District Judge